3RD JUDICIAL DISTRICT COURT
DONA ANA COUNTY NM
FILED IN MY OFFICE
10/2/2017 3:44:25 PM
DAVID S. BORUNDA
Rosie Stewart

STATE OF NEW MEXICO
COUNTY OF DOÑA ANA
THIRD JUDICIAL DISTRICT COURT

WILFRED TRUJILLO,

     Plaintiff,

                                    D-307-CV-2017-03133

vs.

                                      Beyer, Marci

HARTFORD CASUALTY INSURANCE COMPANY,

     Defendant.

### COMPLAINT FOR DECLARATORY JUDGMENT, TO RECOVER DAMAGES FOR UNDERINSURED MOTORIST COVERAGE BENEFITS, FOR BREACH OF CONTRACT, FOR BAD FAITH, FOR UNFAIR INSURANCE CLAIMS PRACTICES, AND FOR NEGLIGENCE

    COMES NOW the Plaintiff Wilfred Trujillo (hereafter "Mr. Trujillo") by and through his

attorneys of record THE PICKETT LAW FIRM, LLC (Mark L. Pickett) and for his complaint

against Defendant states upon his knowledge or based upon information and belief as follows:

#### JURISDICTION

    1.  Mr. Trujillo is an individual who resides in Doña Ana County, New Mexico.

    2.  Defendant Hartford Casualty Insurance Company (hereafter "Hartford") is a company

which provides automobile insurance and was at all times material to the allegations of this

complaint, a business duly authorized to do business and to provide automobile insurance in the

State of New Mexico.

    3.  At all times material to this complaint, Hartford was licensed to do business in the

State of New Mexico and was doing business in Doña Ana County, New Mexico.

    4.  The incident giving rise to this complaint occurred in Doña Ana County, State of New

Mexico.

**EXHIBIT**

**A**

5. Jurisdiction and venue are proper in this Court.

## FACTUAL ALLEGATIONS

6. Mr. Trujillo incorporates all previous paragraphs as though fully restated herein.

7. On or about October 1, 2013, Mr. Trujillo drove his car, a 2009 Chrysler, in a safe and lawful manner in Anthony, New Mexico.

8. Mr. Trujillo stopped his vehicle at the posted stop sign on Elm Street and Anthony Drive.

9. While Mr. Trujillo drove his car in a safe and lawful manner, another driver, Salvador Ortiz, struck the back of Mr. Trujillo's car while Mr. Trujillo was stopped at the stop sign.

10. Mr. Ortiz provided previous testimony, under oath, that he took his foot off the brake which caused his car to strike the back of Mr. Trujillo's car because Mr. Ortiz was frustrated that Mr. Trujillo would not proceed into the intersection.

11. The sole and proximate cause of the collision was due to the negligent driving and reckless driving of Mr. Ortiz.

12. As a direct and proximate result of the collision, Mr. Trujillo sustained personal injuries, has undergone and will continue to undergo considerable pain and suffering, has suffered loss of enjoyment of life, has incurred medical expenses, and will incur medical expenses for treatment of his condition, and suffered a loss of use and diminished value of his vehicle all of which damages shall continue into the future.

13. At the time of the collision, Mr. Ortiz was insured by Fred Loya Insurance Company (Fred Loya).

2

14. After Mr. Trujillo filed a lawsuit against Mr. Ortiz for Mr. Trujillo's injuries and damages, Mr. Ortiz' insurance carrier, Fred Loya, offered to pay Mr. Trujillo its policy limits of $25,000.00.

15. At the time of the collision, Mr. Trujillo was a named insured on a Hartford policy under an insurance coverage contract, policy number 55 PHL987348-413284 (hereafter "Policy"). A true and correct copy of the Declarations Page of the Policy is attached hereto and incorporated by reference as exhibit 1.

16. Mr. Trujillo's Policy with Hartford contained coverage for uninsured and underinsured motorist (UIM) coverage.

17. Mr. Trujillo was an insured person as defined by the Policy in its definitions for UIM coverage.

18. Mr. Trujillo sought and obtained Hartford' permission to settle with Mr. Ortiz' carrier, Fred Loya, for its policy limits.

19. Mr. Trujillo has otherwise performed all conditions necessary for his right to receive payment of insurance proceeds under the Policy to compensate him for the losses caused by Mr. Ortiz' negligent and reckless driving.

20. The settlement with Fred Loya was insufficient to compensate Mr. Trujillo for his damages as set forth in Mr. Trujillo's amended complaint against Mr. Ortiz filed in the Third Judicial District Court in Doña Ana County, New Mexico, on December 8, 2015, Cause No. D-307-2015-00848.

21. Because Mr. Ortiz was underinsured, Mr. Trujillo is looking to Hartford to recover the balance of his damages, including punitive damages, under the UIM coverage in the Policy which was in effect on the date of the car crash.

3

22. Mr. Trujillo made reasonable offers to Hartford within the Policy's limits to resolve his UIM claim.

23. Hartford rejected Mr. Trujillo's offers and responded with low offers which were not reasonable in considering Mr. Trujillo's injuries, medical expenses, property damage, and claim for punitive damages.

24. After the collision with Mr. Ortiz, Mr. Trujillo made claims to Hartford for reimbursement for medical payments incurred due to treatment received by Mr. Trujillo to treat Mr. Trujillo's injuries suffered in the collision.

25. Mr. Trujillo's claims were made under his medical payments coverage in the Policy.

26. Shortly after the collision and Mr. Trujillo's claims for medical payments coverage, without explanation, Hartford raised the cost of Mr. Trujillo's insurance premiums which Mr. Trujillo paid for his coverage under the Policy.

27. Mr. Trujillo did not change any of his coverages to cause an increase in insurance premiums paid to Hartford for coverage under the Policy.

28. Through his attorney, Mr. Trujillo asked Hartford for a full explanation for the increase in his insurance premiums by way of a letter directed to Hartford sent April 7, 2015.

29. Hartford did not respond to Mr. Trujillo's request for an explanation for the increase in premiums.

### COUNT I - COMPLAINT FOR DECLARATORY JUDGMENT

30. Mr. Trujillo incorporates all previous paragraphs as though fully restated herein.

31. Hartford failed to provide reasonable offers to settle Mr. Trujillo's demands for compensation for his injuries and damages, including punitive damages, under the Policy.

32. Hartford's offers to settle Mr. Trujillo's UIM claim were not made in good faith.

4

33. An actual controversy exists between the parties concerning their respective rights, status, and obligations under the facts and circumstances of this case and the Policy involved herein sufficient to satisfy the requirements of the Declaratory Judgment Act, NMSA 1978, Sections 44-6-1 to 44-6-15.

34. Mr. Trujillo requests that the facts, circumstances, and applicable law be reviewed and this Court issue its order determining and awarding the amount of damages incurred by Mr. Trujillo as alleged in this complaint, declaring the parties' respective rights and obligations, and directing their behavior accordingly, all as permitted by the Declaratory Judgment Act.

## COUNT II - CLAIM FOR UNDERINSURED MOTORIST BENEFITS AGAINST HARTFORD

35. Mr. Trujillo incorporates all previous paragraphs as if fully set forth herein.

36. At all times material, Mr. Ortiz was an underinsured motorist as defined by New Mexico law and contemplated by the Policy.

37. As a result of the underinsured status of Mr. Ortiz, and the coverage contained in the Policy, Mr. Trujillo is entitled to recover damages incurred as a result of the October 1, 2013 collision from Hartford under the UIM coverage in the Policy.

38. Hartford should be directed to pay Mr. Trujillo a sum sufficient to compensate him for the injuries and damages he suffered as a result of the collision on October 1, 2013.

39. Hartford should be directed to pay Mr. Trujillo for his claim for punitive damages against Mr. Ortiz which is based on Mr. Ortiz' reckless driving.

40. Mr. Trujillo is entitled to recover his attorney's fees and costs in pursuing this action pursuant to NMSA 1978, Section 39-2-1.

## COUNT III - BREACH OF CONTRACT BY HARTFORD

41. Mr. Trujillo incorporates all previous paragraphs as though fully restated herein.

5

42. Hartford entered into a contract, identified as the Policy, with Mr. Trujillo to provide UIM coverage in exchange for premiums paid to Hartford.

43. Under the Policy, Mr. Trujillo was an insured and was a beneficiary of the Policy.

44. As a direct and proximate result of the car crash, Mr. Trujillo suffered damages as alleged in this complaint and in Mr. Trujillo's amended complaint against Mr. Ortiz and Mr. Trujillo's damages far exceed the limits of Mr. Ortiz' Fred Loya policy.

45. Hartford is required, pursuant to the Policy, to pay damages which Mr. Trujillo is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of bodily injury.

46. Hartford refused to make reasonable offers to resolve Mr. Trujillo's claim within the Policy's limits.

47. Hartford failed and refused to pay Mr. Trujillo's damages including punitive damages pursuant to the Policy.

48. Hartford failed to properly investigate, handle, and adjust Mr. Trujillo's UIM claim to determine the amount of damages Mr. Trujillo is entitled to recover pursuant to the Policy.

49. Hartford breached the contractual obligations contained in the Policy to pay the damages incurred by Mr. Trujillo.

50. As the direct and proximate result of Hartford's breaches, Mr. Trujillo suffered damages and continues to suffer damages as alleged in this complaint to be determined at trial.

51. Mr. Trujillo is entitled to recover his attorney's fees and costs in pursuing this action pursuant to NMSA 1978, Section 39-2-1.

**COUNT IV - BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

52. Mr. Trujillo incorporates all previous paragraphs as though fully restated herein.

6

53. Hartford entered into a contract with Mr. Trujillo and, consequently, owed Mr. Trujillo a duty of good faith and fair dealing in regard to Mr. Trujillo's UIM claim which included the duty to properly investigate, handle, and adjust Mr. Trujillo's UIM claim and to carry out Hartford's duties in a timely manner.

54. Hartford also owed Mr. Trujillo a duty of good faith and fair dealing under the New Mexico Insurance Code which specifically prohibits an increase in Mr. Trujillo's premiums based on an accident in which Mr. Trujillo was not at fault. *See NMSA 1978, §59A-17-7.1.*

55. Hartford breached the covenant of good faith and fair dealing inherent in its contract with Mr. Trujillo.

56. As a direct, natural, and proximate result of those breaches, Mr. Trujillo suffered and continues to suffer damages as alleged in this complaint.

57. Hartford's breach is reckless, willful, in wanton disregard for Mr. Trujillo's rights, and in bad faith, thereby entitling Trujillo to punitive damages.

**COUNT V - INSURANCE BAD FAITH AND BREACH OF FIDUCIARY DUTIES**

58. Mr. Trujillo incorporates all previous paragraphs as though fully restated herein.

59. The loss suffered by Mr. Trujillo on October 1, 2013 was within the Policy limits and Mr. Trujillo made offers to Hartford to settle his claims within those limits.

60. Hartford had a fiduciary duty to deal fairly with its insured, Mr. Trujillo.

61. Hartford acted in bad faith in refusing to act reasonably in regard to Mr. Trujillo's UIM claim and failing to give the interests of its insured, Mr. Trujillo, the same considerations as Hartford's interests.

62. Hartford failed to properly investigate, handle, and adjust Mr. Trujillo's UIM claim and/or failed to carry out its duties in a timely manner.

7

63. Hartford also violated the New Mexico Insurance Code by increasing Mr. Trujillo's motor vehicle insurance premiums based on the October 1, 2013 collision in which Mr. Trujillo was not at fault in any manner. *See NMSA 1978, §59A-17-7.1.*

64. The conduct of Hartford was in reckless disregard of the interests of Mr. Trujillo, in breach of Hartford's fiduciary duties, and in bad faith entitling Mr. Trujillo to punitive damages.

**COUNT VI - UNFAIR INSURANCE CLAIMS PRACTICES**

65. Mr. Trujillo incorporates all previous paragraphs as though fully restated herein.

66. Hartford is an insurance company doing business in New Mexico and is subject to the provisions in NMSA 1978, Sections 59A-16-1 to -30 (Trade Practices and Frauds within the Insurance Code).

67. Hartford failed to abide by its statutory duties as required by the Insurance Code by not attempting in good faith to effectuate a fair and reasonable settlement with Mr. Trujillo.

68. Further Hartford failed to abide by its statutory duties in one or more of the following:

a. by failing to give Mr. Trujillo's interests the same considerations as Hartford's interests;

b. by failing to properly investigate, adjust, and handle Mr. Trujillo's claim; and

c. by failing to carry out its duties in a timely manner.

69. Hartford also violated the New Mexico Insurance Code by increasing Mr. Trujillo's motor vehicle insurance premiums based on the October 1, 2013 collision in which Mr. Trujillo was not at fault in any manner. *See NMSA 1978, §59A-17-7.1.*

70. As a result of Hartford's conduct and violations, Mr. Trujillo suffered and continues to suffer damages as alleged in this complaint to be determined at trial.

71. Hartford's violation of its statutory duties was willful, wanton, reckless, and in bad faith, entitling Mr. Trujillo to punitive damages.

## COUNT VII - NEGLIGENCE BY HARTFORD

72. Mr. Trujillo incorporates all previous paragraphs as though fully restated herein.

73. Hartford owed Mr. Trujillo statutory and common law duties to properly investigate, adjust, and evaluate Mr. Trujillo's claim for damages.

74. Hartford failed to properly investigate, adjust, and evaluate Mr. Trujillo's claim under the Policy and thereby breached its duties owed to Mr. Trujillo.

75. As a proximate result of Hartford's negligence, Mr. Trujillo has been damaged as alleged in this complaint in an amount to be proven at trial, including but not limited to attorney's fees and costs pursuant to NMSA 1978, Section 39-2-1.

## DAMAGES

76. Mr. Trujillo incorporates all previous paragraphs as though fully restated herein.

77. As a direct and proximate result of the collision on October 1, 2013 and due to Hartford's actions and omissions as alleged, Mr. Trujillo suffers past and future pain and suffering; past and future loss of enjoyment of life; and past and future medical expenses and Mr. Trujillo has not been fully compensated for his damages and for all sums he is legally entitled to recover for his damages.

78. Mr. Trujillo is entitled to recover punitive damages from Hartford as a result of the October 1, 2013 collision due to Mr. Ortiz' reckless driving.

79. Mr. Trujillo suffered a loss of use of his car and diminished value of his car which has not been fully compensated.

80. As a result of having to bring this lawsuit, Mr. Trujillo is subjected to the further stress, inconvenience and difficulties of litigation, will incur costs and expenses, is required to pay attorney's fees, and suffers a delay in Hartford's performance of its contractual obligations and payment of damages to Mr. Trujillo.

81. As a result of Hartford's violation of the New Mexico Insurance Code, Mr. Trujillo paid and continues to pay a higher amount in insurance premiums for his automobile insurance coverage.

82. Mr. Trujillo is entitled to recover punitive damages from Hartford as a result of Hartford's conduct, acts, bad faith, and omissions as alleged in this complaint.

WHEREFORE, Mr. Trujillo prays for judgment against Hartford for:

A.   Damages as set forth in this complaint to be ascertained at trial;

B.   Attorney's fees as provided under NMSA 1978, §39-2-1;

C.   Punitive damages;

D.   Costs incurred in this litigation;

E.   Prejudgment and postjudgment interest; and

F.   Any other relief which this Court may deem just and proper.

RESPECTFULLY SUBMITTED,

THE PICKETT LAW FIRM, LLC

/s/ Mark Pickett
MARK L. PICKETT
P.O. Box 1239
Las Cruces, NM 88004
Telephone: (575) 526-3338
Email: mark@picklawllc.com

Attorney for Plaintiff

10

3RD JUDICIAL DISTRICT COURT
DONA ANA COUNTY NM
FILED IN MY OFFICE
10/2/2017 3:44:25 PM
DAVID S. BORUNDA
Rosie Stewart

STATE OF NEW MEXICO
COUNTY OF DOÑA ANA
THIRD JUDICIAL DISTRICT COURT

WILFRED TRUJILLO,                              D-307-CV-2017-03133

      Plaintiff,

vs.

HARTFORD CASUALTY INSURANCE COMPANY,

      Defendant.

### MANDATORY CERTIFICATION OF RELIEF SOUGHT

COMES NOW the Plaintiff, WILFRED TRUJILLO, by and through his attorneys of record,

THE PICKETT LAW FIRM, LLC. (Mark L. Pickett), and hereby certifies that the relief sought

in his Complaint to Recover Damages for Personal Injuries is for a money judgment which

exceeds $25,000.00, exclusive of punitive damages, interest, costs and attorneys fees.


RESPECTFULLY SUBMITTED,

THE PICKETT LAW FIRM, LLC.
Attorneys for Plaintiff
P.O. Box 1239
Las Cruces, NM  88004
Telephone:  (575) 526-3338
Facsimile: (575) 526-6791


*/s/ Mark L. Pickett*
MARK L. PICKETT

3RD JUDICIAL DISTRICT COURT
DONA ANA COUNTY NM
FILED IN MY OFFICE
10/2/2017 3:44:25 PM
DAVID S. BORUNDA
Rosie Stewart

STATE OF NEW MEXICO
COUNTY OF DOÑA ANA
THIRD JUDICIAL DISTRICT COURT

WILFRED TRUJILLO,                                    D-307-CV-2017-03133

      Plaintiff;

vs.

HARTFORD CASUALTY INSURANCE COMPANY,

      Defendant.

## DEMAND FOR TRIAL BY JURY

    COMES NOW the Plaintiff, Wilfred Trujillo by and through his attorneys of record, THE

PICKETT LAW FIRM, LLC. (Mark L. Pickett), and hereby demands a trial by a jury of six (6)

persons, and tenders herewith the required jury fee of One Hundred Fifty Dollars and no/cents

($150.00).

                               RESPECTFULLY SUBMITTED,

                               THE PICKETT LAW FIRM, LLC.

                               */s/ Mark L. Pickett*
                               MARK L. PICKETT
                               P.O. Box 1239
                               Las Cruces, NM 88004
                               Telephone: (575) 526-3338
                               Fax: (575) 526-6791
                               Email: mark@picklawllc.com
                               Attorneys for Plaintiff

FILED IN MY OFFICE
10/3/2017 5:40:55 PM
DAVID S. BORUNDA
Joseph Martinez

STATE OF NEW MEXICO
COUNTY OF DOÑA ANA
THIRD JUDICIAL DISTRICT COURT

WILFRED TRUJILLO,
    Plaintiff,

            D-307-CV-2017-03133
            JUDGE: MARCI BEYER

HARTFORD CASUALTY INSURANCE COMPANY,
    Defendant.

## ORDER REQUIRING SCHEDULING REPORTS, A DISCOVERY PLAN, EXPERT WITNESS DISCLOSURE, AND LIMITING STIPULATIONS TO ENLARGE TIME FOR RESPONSIVE PLEADINGS

**IT IS SO ORDERED:**

A. Plaintiff shall serve a copy of this order on each defendant with the summons and complaint and file a certificate of such service. Parties other than plaintiffs who assert claims against others who have not been served with this order shall serve a copy of this order on those against whom they assert claims with the pleading asserting such claims and shall file a certificate of such service.

B. Within sixty (60) calendar days after the initial pleading is filed, parties of record shall file a scheduling report with copies to opposing parties and the assigned judge. Parties shall confer and are encouraged to file a Joint Scheduling Report, LR3-Form 2.12 NMRA for Track A or LR3-Form 2.13 for Tracks B and C, or, if they cannot agree, file an individual Scheduling Report, LR3-Form 2.13 NMRA. *See* copies of forms attached hereto.

C. Any party who enters an appearance in the case more than sixty (60) calendar days after the filing of the initial pleading shall file a scheduling report within ten (10) business days and deliver a copy to the assigned judge.

D.    If all parties are not of record within sixty (60) calendar days of the filing of the initial pleading, the party making claims against the absent parties *(Plaintiff for Defendants, Third-Party Plaintiffs for Third-Party Defendants, etc.)* shall, within five (5) business days after the sixtieth (60th) day, file and serve parties of record and deliver to the assigned judge, a written explanation following LR3-Form 2.14 NMRA, "Delay in Putting the Matter at Issue."

E.    Counsel or parties who do not have attorneys may not stipulate to an enlargement of time greater than fourteen (14) calendar days for the filing of a responsive pleading without a motion and order. The motion shall state with particularity the reason(s) an enlargement is in the best interests of the parties. A copy of the motion and stipulation shall be delivered to all parties as well as counsel. The enlargement requested shall be for a specified time.

F.    When all parties have been joined and the case is at issue, the parties shall immediately notify in writing the assigned judge and the alternative dispute resolution coordinator.

G.    If appropriate, the court will refer this matter to settlement facilitation under Part VI of the Local Rules of the Third Judicial District Court.

H.    Within seventy-five (75) calendar days from the date the initial pleading is filed, or fifteen (15) calendar days after the case is at issue if LR3-Form 2.14 NMRA has been filed, the parties shall either:

   (1)    stipulate to a discovery plan and file the stipulation with the court, or

   (2)    request a hearing to establish a discovery plan pursuant to Paragraph F of Rule 1-026 NMRA.

   (3)    In the absence of a stipulated discovery plan or a timely request from a party for a hearing to establish a discovery plan, the following plan shall go into effect:
   Within one hundred (100) calendar days after the initial pleading was filed or fifteen (15) calendar days after a party has entered the suit, whichever is the later date, each party shall provide to all other parties:

      a.    The name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed issues raised by the

pleadings, identifying the subjects of the information;

b.    A copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed issues raised by the pleadings;

c.    A computation of any category of damages claimed by the disclosing party, providing copies or making available for inspection and copying the documents or other evidentiary materials and medical records and opinions, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered;

d.    For inspection and copying, any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment;

e.    If the medical condition of a party is at issue, such party shall give a medical release authorization to opposing parties. The parties shall confer regarding the nature and extent of the release and stipulate, if possible. If the parties cannot agree, each party shall file a memorandum with a proposed medical release authorization advocating that party's proposed form to the court. A copy of the memorandum and proposed form shall be delivered to the assigned judge. Rule 1-007.1 NIMRA shall apply.

I.    Pursuant to Rule 1-026(E) NMRA, parties shall reasonably supplement discovery required in Subparagraphs (3)(a) through (e) of Paragraph H of this Order.

J.    Intent to Call Expert Witness - Disclosure.    No later than sixty (60) calendar days after filing their respective pleading or responsive pleading, all parties shall exchange a "Notice of Intent to Call Expert Witness(es)". The parties shall list the names, addresses and phone numbers for all anticipated experts, including a brief summary of the subject matter of each witness' testimony. If an expert has not yet been identified by a party, the parties must list the specialized area(s) in which

an expert is anticipated to be retained and a brief summary of the areas or issues on which the expert is expected to testify. With respect to each expert listed, all parties are to observe their continuing duty to timely supplement discovery and shall further abide by the requirements of Section 8 of the attachment to the Rule 16(B) Scheduling Order.

DISTRICT COURT JUDGE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -



David S Borunda
Clerk f the District Court

Deputy - Joe M Martinez,

LR3-Form 2.12                                    Supreme Court Approved
                                                 August 6, 2004

STATE OF NEW MEXICO
COUNTY OF DOÑA ANA
THIRD JUDICIAL DISTRICT COURT

                              Plaintiff

vs.

                                        NO.: D-307-CV
                                        Judge:
                       Defendant

### JOINT SCHEDULING REPORT STIPULATING TO TRACK A

Come now all the parties to this case, (by their counsel of record) and stipulate as

follows:

1   The court has subject matter and personal jurisdiction, and venue is proper.

2   This case is appropriate for assignment to Track A

3   The parties do not intend to amend the pleadings or file dispositive motions

4   All parties will be ready for trial *by_____ (no more than six (6) months from*

    *filing of complaint)*

5   Witness lists will be exchanged and filed forty-five (45) days before trial

6   Discovery limited to interrogatories, requests for production and admission and no more

    than two (2) depositions per party.

7   All parties and counsel will either (a) select a facilitator by agreement of the parties, or

    (b) request the court's ADR coordinator to select a facilitator and will engage in a

    settlement conference within ninety (90) days from the date of the filing of the complaint.

    The parties may move for enlargement of time for the settlement conference for good

    cause shown The parties shall share the facilitator's fee, if any, equally.

8. Exhibits: exchanged at least fifteen (15) days before trial.

   This (jury _____ 6 _____ 12 nonjury _____ ) matter will take _____ hours to try.

9. Conflicting court hearings (or other conflicts which show good cause for not setting trial)

   for two (2) months following the date the matter is ready for trial:

   _____

   _____

10. Other: _____



SUBMITTED BY:

Name of party:      _____
Attorney:           _____
Address:            _____
                    _____
Telephone Number    _____



Name of party:      _____
Attorney:           _____
Address:            _____
                    _____
Telephone Number    _____


### CERTIFICATE OF MAILING

I HEREBY CERTIFY that I mailed, delivered or faxed a copy to the assigned judge and each
party or each party's attorney on the _____ day of _____ , 20 _____


                    _____
                    Signature

LR3-Form 2.13. ( _____ 's) (joint) scheduling report.

STATE OF NEW MEXICO
COUNTY OF DOÑA ANA
THIRD JUDICIAL DISTRICT COURT

, Plaintiff

vs.

NO.: D-307-CV

Judge:

, Defendant

( _____'S) (JOINT) SCHEDULING REPORT

1. This case should be assigned to Track _____.
2. Jurisdiction and Venue: _____Stipulated; _____Disputed;
    Why:_____
3. _____Non Jury; _____6-person jury; _____12-person jury.
4. Significant legal issues, if any: _____
_____
5. Trial witnesses presently known (defendant's, plaintiff's, etc.): _____
    State expert type: _____
6. Settlement:
    _____ [I] [We] have sufficient information to evaluate the case.
    _____ [I] [We] have provided sufficient information for opposing parties to evaluate
    the case.
    _____ [I][We] need the following information from_____to evaluate the
    case: _____

    _____ [I] [We] need the following discovery to obtain information sufficient to
    evaluate the case:
    _____ Explain why such information
    cannot be obtained informally without formal discovery: _____
    _____
    _____ [I] [We] have scheduled a settlement conference on _____, 20_____
    with_____ (facilitator) or have requested the court's ADR
    coordinator to refer to facilitation.
                                    Or
    _____ [I] [We] request that this not be referred to facilitation because: _____
    _____
    The possibility of settlement is _____ good, _____ fair, _____poor.

7. Discovery:

[I] [We] estimate it will take _____ months to complete discovery. *(Attach discovery plan if stipulated, or request for setting a discovery conference if wanted.)* If any party requests a discovery conference, answer the following:

The party submitting this scheduling report intends to do the following discovery:

_____

*(If this is a joint scheduling report, each party shall answer this question.)*

[Plaintiff] [Defendant] intends to do the following discovery:

_____

8. [I] [We] estimate that trial will take    court days to try-

9. Dates counsel will not be available for trial due to the following conflicting court settings *(beginning with the date immediately following the time you estimate discovery will be completed).* _____

10. Stipulations: _____

11. Other:

_____


SUBMITTED BY:

Name of party:        _____

Attorney:             _____

Address:              _____

                      _____

Telephone Number      _____


Name of party:        _____

Attorney:             _____

Address:              _____

                      _____

Telephone Number      _____


## CERTIFICATE OF MAILING

I HEREBY CERTIFY that I mailed, delivered or faxed a copy to the assigned judge and each party or each party's attorney on the _____ day of _____ , 20 _____


_____

Signature

## SUMMONS

STATE OF NEW MEXICO
COUNTY OF DOÑA ANA
THIRD JUDICIAL DISTRICT COURT

WILFRED TRUJILLO,

    Plaintiff,

vs.

HARTFORD CASUALTY
INSURANCE COMPANY,

    Defendant.

Cause No. D-307-CV-2017-03133
Judge Marci Beyer

### TO THE ABOVE NAMED DEFENDANT(S): Take notice that

    1. A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

    2. You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA).  The Court's address is listed above.

    3. You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

    4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

    5. You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

    6. If you need an interpreter, you must ask for one in writing.

    7. You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Las Cruces _____, New Mexico, this 3rd day of October, 2017.

DAVID BORUNDA
CLERK OF THE COURT

By: _____

Deputy

D.C. SEAL
DISTRICT COURT
DOÑA ANA COUNTY

Attorney for Plaintiff:

MARK L. PICKETT
The Pickett Law Firm, LLC.
P.O. Box 1239
Las Cruces, NM 88004
Telephone: (575) 526-3338
Fax: (575) 526-6791
Email Address: mark@picklawllc.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

## AMENDED SUMMONS

STATE OF NEW MEXICO
COUNTY OF DOÑA ANA
THIRD JUDICIAL DISTRICT COURT

WILFRED TRUJILLO,

      Plaintiff, ·

vs.

HARTFORD CASUALTY
INSURANCE COMPANY,

      Defendant.

Cause No. D-307-CV-2017-03133
Judge Marci Beyer

To. The Hartford Casualty Insurance Company
    c/o Office of Superintendent of Insurance
    P.O. Box 1689
    Santa Fe, NM 87504-1689

### TO THE ABOVE NAMED DEFENDANT(S): Take notice that

1. A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

2. You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA).  The Court's address is listed above.

3. You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5. You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

6. If you need an interpreter, you must ask for one in writing.

7. You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Las Cruces _____, New Mexico, this 5th day of October, 2017.

David Borunda
CLERK OF THE COURT

By: 

Deputy

Attorney for Plaintiff:

MARK L. PICKETT
The Pickett Law Firm, LLC.
P.O. Box 1239
Las Cruces, NM 88004
Telephone: (575) 526-3338
Fax: (575) 526-6791
Email Address: mark@picklawllc.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

3RD JUDICIAL DISTRICT COURT
DONA ANA COUNTY NM
FILED IN MY OFFICE
10/25/2017 4:03:28 PM
DAVID S. BORUNDA
Elizabeth Balizan

# STATE OF NEW MEXICO
# OFFICE OF THE SUPERINTENDENT OF INSURANCE

## CERTIFICATE

STATE OF NEW MEXICO
COUNTY OF DONA ANA
THIRD JUDICIAL DISTRICT

WILFRED TRUJILLO
Plaintiff,

v.                                              No. D-307-CV-2017-03133

                                                Beyer, Marci

HARTFORD CASUALTY INSURANCE COMPANY
Defendants,

### ACCEPTANCE OF SERVICE

I, John G. Franchini, Superintendent of Insurance of the State of New Mexico, do hereby certify that a copy of a Amended Summons, Complaint, Certification of Relief Sought, Demand for Trial by Jury, and Order; Hartford Casualty Insurance Company was sent to Defendant; Hartford Casualty Insurance Company on 10/10/2017 as provided in Section 59A-5-31 and 59A-5-32 NMSA 1978, and was received by said company on 10/16/2017 as shown by return receipt by Postmaster.



In Witness Whereof, I have
hereunto set my official seal
on this 10/16/2017

Superintendent of Insurance